FILED

2010 APR 19 PM 3:41

US DISTRICT COURT
MIDDLE DISTRICT OF FL

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CLARK A. HULS,

        Plaintiff,

v.                                                              Case No. 6:10-cv-00538-Orl-18GJK

LUSAN C. LLABONA,

LUSAN C. LLABONA, P.A.,

        Defendants.

---

## PLAINTIFF'S EX PARTE MOTION FOR INJUNCTIVE RELIEF

COMES NOW the Plaintiff, Clark A. Huls, pro se, and files the Plaintiff's Ex Parte Motion For Injunctive Relief for him to be able to access the Court's CM/ECF system. In support of this Motion the Plaintiff avers the following:

1.    This Court has continuing Jurisdiction over the parties and subject matter in this proceeding.

2.    The Plaintiff requests this Motion be heard ex parte as it has no material effect upon the opposition.

3. According to the Court's Administrative Procedures For Filing Electronically in Civil and Criminal Cases, rule III(C.)[1], the Plaintiff is not allowed the same access to this system as a similarly situated attorney.

4. The Plaintiff is familiar with the procedures of the CM/ECF system by studying the rules and running the tutorial.[2]

5. The Plaintiff understands which pleadings and exhibits need to be filed through the CM/ECF system and which items do not get filed.

6. The Plaintiff understands the probable reasoning of the aforementioned rule requiring pro se litigants to receive leave of the Court prior to accessing the CM/ECF system because of the potential abuse by vexatious litigants. The Plaintiff asserts the Court has a substantial amount of authority and discretion to limit the potential abuses of this system on a case-by-case basis rather than an arbitrary rule against a class of citizens who have all of their civil rights.

7. Fundamental fairness would be denied Plaintiff because of the significant delays, which would be measured in days, as a result of sending and receiving filings through the U.S. Mail as opposed to having the same information instantly through e-mail.

---

[1] If cited correctly, "IIIC." would appear to be the incorrectly written Roman numeral value of 97.

[2] In the tutorial the Plaintiff found an incorrect link and notified Cherie Krause of the correct link.

8. Pursuant to the Order in case number "6:06-mc-45-Orl-19" in re: Rules of the United States District Court for the Middle District of Florida, the requirement of Rule 1.05(a) of a 1 ¼" margin on the top, bottom, and left edges, and a 1" margin on the right of each piece of paper of each pleading is required "if filed on paper". Because Plaintiff could find no rules for the margins of electronically filed pleadings, he assumes from the opposition's filing that a 1" margin is permissible on all sides. If the Plaintiff's assumption for the allowable margins of electronically filed pleadings is correct, the Plaintiff loses 5.375 square inches per page[3] and would require 28 pages for what the opposing counsel would be able to condense to the 25 allowable pages (the maximum allowed without leave of Court per Rule 3.01(a) id.).

9. While the Plaintiff has no reason to doubt the professionalism of the Court's deputy clerks, the observation of human nature in general is such that when one group of people require more attention than another, inequities in their respective encounters usually result between the two groups.

10. The Plaintiff also demonstrates as an example to the unfairness of this rule, the requirement of this very motion for which the Plaintiff had to incur the expense of preparing and filing, and the opposing party does not.

---

[3] The 1" margin allows the writing area to be 6 ½" x 9 ½" or 58 ½ square inches. The margin required by rule 1.05(a) id. requires the writing area to be 6 ¼" x 9" or 53 ⅜ square inches which is 91.25% of the larger area. A writer would have an additional 1 page for every 10 written with the reduced margin.

11. Due to the above stated items, the Plaintiff respectfully advances the argument of the unsupportable "separate but equal" doctrine as it applies to two classes of individuals, attorneys and non-attorneys, in circumstances where absolute equality and impartiality is required for justice to be served.

12. The Plaintiff lastly argues that the additional consumption of resources, both natural and otherwise, required of both this Court and the Plaintiff to abide by this rule, is against this nation's public policy and best interest.

WHEREFORE, the Plaintiff, Clark A. Huls, prays that this Court enter an Order giving him the requested relief and allow him the same access to the CM/ECF system as an attorney situated in a similar situation.

I HEREBY CERTIFY that a true and correct copy of the forgoing has been given to the Clerk of the Court for filing and uploading to the CM/ECF system and furnished via email and facsimile this 19th day of April 2010, to Marjorie Hensel, Esquire, whose facsimile number is (813) 472-7811, and whose email is mshensel@mdwcg.com.

_____
CLARK A. HULS, *pro se*
2862 Pine Avenue
Mims, FL 32754
Telephone: (407) 466-9018
Facsimile: (813) 944-4942
E-mail address: clarkhuls@gmail.com