UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CLARK A. HULS, a natural person,

    Plaintiff,

Vs.                                          Case No. – 6:10-cv-00538-31GJK

LUSAN C. LLABONA, ESQUIRE,
A natural person, and
LUSAN C. LLABONA, P.A.,
A professional service corporation, et al.,

    Defendants,
_____/

**DEFENDANTS' REPLY TO THE PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS AND FOR SANCTIONS**

    COME NOW, Defendants, LUSAN C. LLABONA, ESQUIRE, and LUSAN C. LLABONA, P.A., by and through the undersigned counsel, and file this Reply to the Plaintiff's Response to Defendants' Motions to Dismiss and for Sanctions, as state as follows:

    1.    On April 28, 2010, the Plaintiff filed his Response to the Defendants' Motions to Dismiss and for Sanctions. This Court granted the undersigned's Motion for Leave to file this Reply by May 7, 2010. While this Reply will attempt to counter the Plaintiff's numerous arguments he proffers in his Response, any failure to address an argument is not intended to serve as a tacit approval of its validity.

    2.    While the Plaintiff's First Amended Complaint included a myriad of allegations, the Plaintiff seemingly attempts to establish only three causes of action. The Plaintiff's counts are as follows: (1) Deprivation of Civil Rights by Intentional Misconduct; (2) 42 U.S.C. §1983 (Deprivation of Civil Rights); (3) Civil Remedies for Criminal Practices. (Doc. #3).

3. The Defendants filed a Motion to Dismiss all three of the Plaintiff's counts under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. #10). For the reasons fully set forth in their Motion to Dismiss, the Defendants stand by their arguments and only file this Reply as additional support.

4. In addition to the authority cited in the Defendants' Motion, "when considering a motion to dismiss, the court may consider the complaint and all exhibits attached thereto." *Rance v. Rocksolid Granite USA, Inc.*, 292 Fed. Appx. 1, 2 (11th Cir. 2008) (citing *Thaeter v. Palm Beach County Sheriff's Office*, 449 F3d 1342 (11th Cir. 2006)). This well-established standard is important as the Plaintiff has attached extensive exhibits to his First Amended Complaint which conflict with many of the allegations made in his First Amended Complaint. Importantly, the Plaintiff's exhibits establish that: (1) Judge Sprinkel held the Plaintiff in contempt for many reasons, the most important of which was the fact he owed his ex-wife $25,547.00 in back child support; and (2) it was Mr. Huls' sole responsibility to ensure that his children were provided with medical, dental, orthodontic, and optical benefits.

5. The Plaintiff contends that he was held in contempt of court because Attorney Llabona manipulated Judge Sprinkel into believing that it was the Plaintiff's responsibility to both <u>secure</u> and <u>pay</u> for his children's health insurance. This entire dispute turns on the word "secure." Mr. Huls argues that he had no obligation to "secure" health benefits for his children, only pay the policy premiums once established.[1] The Defendants do not dispute that after Mr. Huls' ex-wife's filed a motion to compel compliance with the marital settlement agreement in 2003 that Judge's Sprinkel ordered Mr. Huls' ex-wife to go ahead and establish the insurance benefits herself and simply send the bills to Mr. Huls. (See Exhibit "B" to the Plaintiff's First

---

[1] As noted in this Reply, the Marital Settlement Agreement specifically states that is was Mr. Huls's sole responsibility to provide for the children's health benefits. (See Plaintiff's Exhibit "F," ¶ 18(f)).

2

Amended Complaint). Additionally, the Defendants do not dispute that Judge Sprinkel's February 2, 2006 Order on the motion for contempt included a finding that Mr. Huls "failed to provide health insurance for the minor child and the former wife as previously ordered by the Court." (See Exhibit "D" to the Plaintiff's First Amended Complaint). As explained below, the Defendants do dispute that Mr. Huls' obligation to provide health benefits was somehow contingent only upon his ex-wife initiating insurance coverage. Additionally, the Defendants dispute that Attorney Llabona's statements in motion and remarks during the hearing had anything to do with Judge Sprinkel's decision to find Mr. Huls in contempt of court.

6. The initial Marital Settlement Agreement between Mr. Huls and his ex-wife was executed on September 4, 2002. (See Plaintiff's Exhibit "F"). According to paragraph 18(f) of the Marital Settlement Agreement, it was Mr. Huls' sole responsibility to provide for the minor children's medical, dental, orthodontic, and optical benefits. (See Plaintiff's Exhibit "F", ¶ 18(f)). As noted above, in 2003 Judge Sprinkel specifically ordered Mr. Huls' ex-wife to secure health insurance and for Mr. Huls to pay the premiums. At no point did Judge Sprinkel indicate that Mr. Huls' previous responsibility to provide health benefits for his children was wholly contingent upon his ex-wife establishing coverage.[2] The marital settlement agreement attached as Exhibit "F" to the Plaintiff's First Amended Complaint, clearly establishes that is was Ms. Huls' responsibility to ensure that his children had health benefits. At the time of the 2006 hearing on the motion for contempt, regardless of whether Mr. Huls ex-wife initiated coverage or not, Judge Sprinkel found that he failed to meet his responsibilities in this regard.

7. When peeling away the Plaintiff's factual allegations against Attorney Llabona, at the time of the 2006 hearing, Mr. Huls children were without health benefits for a long period of

---

[2] Such and order would have been in direct conflict with the Marital Settlement Agreement which required Mr. Huls to provide the health benefits.

3

time and Judge Sprinkel held it was Mr. Huls' fault. While Mr. Huls argues that a "person cannot keep and pay for something that does not exist", at the end of the day it was Mr. Huls' responsibility, per the settlement agreement, to ensure that his children had health benefits. Nothing Attorney Llabona did or did not do had anything to do with Mr. Huls' failure to take whatever means necessary to meet his obligations under the marital settlement agreement.

8. While it is not only unfortunate that Mr. Huls has chosen to sue his ex-wife's attorney over four years after Judge Sprinkel signed the order of contempt, the record is completely devoid of any evidence indicating that Attorney Llabona acted in the manner the Plaintiff alleges. Additionally, based on Mr. Huls' attachments to his First Amended Complaint, it is clear that Judge Sprinkel's main reason for holding the Plaintiff in contempt was because the clerk records showed he owed back child support in the amount of $25,547.00. Mr. Huls' attempt to sue his ex-wife's attorney for an alleged misstatement before the court, is not only harassing, but he brings the claim under statutes that on entirely inapplicable— Florida's RICO statute and the §1983 Civil Rights Act. As a consequence, the Defendants have been forced to expend time and expense defending themselves against frivolous claims that should never have been filed.

9. The undersigned has attempted to give Mr. Huls notice that his First Amended Complaint is not supported by Florida law. (See correspondence to Mr. Huls dated April 29, 2010, attached hereto as Exhibit "A"). Mr. Huls responded to the Rule 11 correspondence and indicated that he would not withdraw his First Amended Complaint. For this reason, the Defendants filed their Motion for Rule 11 Sanctions based on the frivolous nature of this lawsuit and Mr. Huls' decision to proceed with this litigation knowing that he could not state a valid

claim under the law. Accordingly, the Defendants are seeking full reimbursement for all fees and costs, including attorney's fees, expended defending themselves through this litigation.

WHEREFORE, the Defendants, LUSAN C. LLABONA, ESQUIRE, and LUSAN C. LLABONA, P.A., respectfully request that this Court GRANT both their Motion to Dismiss and to Strike and their Motion for Sanctions. Specifically, the Defendants request that this Court, in the light of the frivolous nature of this lawsuit, require the Plaintiff to reimburse the Defendants for any fees and costs, including attorney's fees, associated with the defense of this matter.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of this document has been electronically filed with the Clerk of the Court using the CM/ECF e filing system on this 7TH day of May 2010, to **Clark A. Huls,** Pro Se Plaintiff, 2862 Pine Avenue, Mims, FL 32754.

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**
Attorneys for Defendants, Lusan C. Llabona, Esq. and Lusan C. Llabona, P.A.
201 East Kennedy Blvd., Suite 1100
Tampa, FL 33602
Phone: (813)472-7800
Fax: (813)472-7811

By: /s/ Phillip J. Harris
**MARJORIE S. HENSEL, ESQ.**
Florida Bar No. 771820
**PHILLIP J. HARRIS, ESQ.**
Florida Bar No. 0044107