FILED

2010 MAY 12 PM 3:04

US DISTRICT COURT
MIDDLE DISTRICT OF FL

# UNITED STATES DISTRICT COURT
## FOR THE
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

CLARK A. HULS,

    Plaintiff,

v.

                                                Case No. 6:10-cv-00538-31GJK

LUSAN C. LLABONA,

LUSAN C. LLABONA, P.A.,

    Defendants.

---

## PLAINTIFF'S OPPOSED MOTION TO STRIKE DEFENDANTS' PLEADINGS (DE-10, DE-14 AND DE-22),

COMES NOW, the Plaintiff, CLARK A. HULS, *pro se*, to file Plaintiff's Opposed Motion To Strike Defendants' Pleadings DE-10, DE-14, and DE-22. In support of this, the Plaintiff states the following:

1.    This Court has continuing Jurisdiction over the parties and subject matter in this proceeding.

2.    Because of the amount of judicial effort that will be required by this Court to filter out the diversionary, fraudulent, and frivolous defensive claims of the Defendants, the Plaintiff is requesting this Court strike the aforementioned Pleadings as allowed by Fed.R.Civ.P. Rule 12(f), which states in part that, "[t]he **court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.**" [emphasis added]

3. The Defendants are interpreting for this Court nonexistent claims supposedly made by the Plaintiff, and are perverting the meaning of the self-authenticating court documents that are the exhibits for the Plaintiff to divert attention away from the actual case of Attorney Llabona's wrongdoing.

4. As stated below, the Defendants have decided to engage in bad faith litigation with their numerous misstatements of fact; insufficient defense claims; impertinent statements; and cited case law that has either been overturned or is inapposite to this case along, with a vast array of procedural errors.

5. Because the majority of the Pleadings of the Defendants do not have the paragraphs numbered continuously, the Defendants' pleadings are cited in the same sequence as the original document.

## I. DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE (DE-10)

6. In DE-10 ¶1, the Defendants make no defensive claims in violation of Fed.R.Civ.P. Rule 12(f).

7. In DE-10 ¶2, the Defendants falsely interpreted for this Court the Plaintiff's Complaint by stating his Complaint said **it was a fact** that the Plaintiff "had not complied with the court's child support order." The Defendants misled this Court again later in the same paragraph, by stating that the Plaintiff's Complaint said Attorney "Llabona alleged that the Plaintiff failed to

**keep** and pay for the minor children's health insurance. (Doc. #3, ¶ 11.)" By inserting the word "keep" into this sentence, instead of the word "obtain" or "provide"[1], the Defendants are trying to mislead this Court into believing that the Plaintiff's former wife had no court ordered obligation concerning health insurance for the minor children. Attorney Llabona did not have a problem using the words "obtain" and "provide" regarding the Plaintiff and his children when she falsified the motion causing the Plaintiff to be incarcerated. At that time in 2005, she ended up using those words seven times in four pages to falsely implicate the Plaintiff to an obligation that was never required of him. The Defendants sought to mislead this Court a third time in this paragraph by using a wrong Docket citation so that it would be more difficult to check the previous two fabrications from this paragraph. Because of these false claims in violation of Fed.R.Civ.P. Rule 12(f) regarding "impertinent or scandalous matter" this paragraph should be stricken.

8.   In DE-10 ¶3, the Defendants incorrectly claim that Judge Sprinkel found the Plaintiff guilty **following** the hearing, instead of **at** the hearing, as can be verified by Orange County court documents. By saying it was following

---

[1] To "keep" health insurance would merely require the act of paying for the insurance either monthly, quarterly, or annually and it would be a continual process.

To "provide" or "obtain" health insurance, a person would have; to shop for a company; to shop for a specific health insurance package; to compare the many different companies; and to compare and analyze the many different insurance policies with the needs of the children. This action would be unique.

the hearing, the Defendant can advance the argument that the Plaintiff's due process rights were not violated as it would appear that a period of time had passed between the hearing and the ruling. Additionally any defensive claims are nonexistent in this paragraph in violation of Fed.R.Civ.P. Rule 12(f).

9. In DE-10 ¶4, The Defendants make no defensive claims in the paragraph or its footnote in violation of Fed.R.Civ.P. Rule 12(f).

10. In DE-10 ¶5, The Defendants claim that the Plaintiff is suing Attorney Llabona for statements she made during child support hearings. The Plaintiff has never made a claim against Attorney Llabona for any oral statements she **said** as explained more fully at DE-17 ¶19. It is unfortunate for this Court that the Defendants are advancing this claim because now this Court has to reexamine all the Plaintiff's pleadings to verify the untruthfulness of the Defendants' claim. The precise reason that the Defendants stated that, "the Plaintiff has failed to establish any legal cause of action for which the Defendants can appropriately respond . . . " is because the Defendants are reading nonexistent claims into the Plaintiff's complaint resulting in an unresponsive defensive claim in violation of Fed.R.Civ.P. Rule 12(f).

11. In DE-10 ¶6, the Defendants stated that listing monetary claims was inappropriate and procedurally incorrect. If the Defendants are correct in this assertion, it is with the discretion of this Court to strike only the monetary

claim and not any other portion of the Complaint. Therefore in this paragraph, the Defendants fails to establish any defense whatsoever to the Plaintiff's claims.

12. In DE-10, p.3, §A. 2nd¶, the Defendants not only fail to cite prevailing case law, but they rely on overturned case law for the basis of their Motion to Dismiss. In this paragraph the Defendants recite verbatim the very statement that the Supreme Court overturned in *Bell Atlantic Corp. v. Twombly*, 127 US 1955 (2007), when it stated that "after puzzling the profession for 50 years, this famous observation has earned its retirement." The Court then gives the actual pleading standard required by saying that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."[2] The Defendants are using a retired standard to measure their Motion to Dismiss against the Plaintiff's Complaint. The Defendants then cite a number of cases that reinforce the Plaintiff's complaint. For this reason the Defendants again make no defensive claims and perform a disservice to this Court by citing overturned case law in this section in violation of Fed.R.Civ.P. Rule 12(f).

---

[2] The Plaintiff easily passes this threshold with the multiple self-authenticated documents that show the many sets of facts proving that Attorney Llabona did exactly what the Plaintiff's Complaint says she did.

13. In DE-10 pp.4-7 §B., 1st¶, the Defendants again advance case law that is inapposite to the case at hand because it allows for immunity in judicial hearings for simple tortious acts and for what people say, which as stated before has never been a claim of the Plaintiff. However, malicious prosecution, which by its very definition would take place in a courtroom, and the Plaintiff's federal claims are not subject to the Florida case law that the Defendants are advancing resulting in the Defendants again making no defensive claims and performing a great disservice to this Court citing incongruous case law in this section in violation of Fed.R.Civ.P. Rule 12(f).

14. In DE-10 pp.8,9 §ii., 1st¶, the Defendants again advance case law that either does not apply to the case at hand or is irrelevant. The Defendants stated that to make a claim under 42 USC §1983, the two elements that must be proven, are that a person must be deprived of a constitutional right by an entity acting under color of state law. The Defendants incorrectly state that the Supreme Court's definition of "acting under color of law" is being employed by the state, and in support they cite a case where the Supreme Court found §1983 liability against a doctor who was not employed by the state. In this section the Defendants make no defensive claims and try to fool this Court by citing case law that actually supports the opposite side of their argument, which causes this entire section to be in violation of Fed.R.Civ.P. Rule 12(f).

15.   In the remaining portion of DE-10, the Defendants either advance arguments that are irrelevant, redundant, or impertinent in violation of Fed.R.Civ.P. Rule 12(f).   So as not to be repetitive, these arguments are in Plaintiff's Pleading at DE-17.

## II.   DEFENDANTS' MOTION FOR SANCTIONS (DE-14)

16.   The Defendants' Motion for Sanctions (DE-14), is redundant regarding case law citing litigation immunity because it repeats the cases that were cited in Defendants' Motion to Dismiss.  The cases again cited all refer to simple torts or on what participants **said** in Court, which is an accusation that has never been raised against Attorney Llabona.

17.   The only new case law cited, is regarding sanctions, and none of those cited cases have anything to do with the deprivation of Constitutional rights or malicious prosecution/wrongful imprisonment claims.

18.   In DE-14 p.4, 1st¶, the Defendants stated that, "Where a plaintiff continues to litigate even after the claim was clearly groundless, frivolous, or unreasonable, an award of fees may be proper."   In citing this case the Defendants show that their Motion is untimely since there has been no ruling on any aspect of this case.  Is it the Defendants' position then, that a plaintiff is to rely on the legal opinion of the opposition counsel as to whether or not a claim is frivolous when there has been no ruling of any sort in a case?   If that were

true, cases would be decided by whoever could intimidate the other party before anything was ever heard by a judge.

19. Defendants also know this claim of sanctions is frivolous from the Plaintiff's response to Defendants' Rule 11 letter. The Plaintiff's response, which is attached as exhibit "1", to this Motion cited good case law from the Supreme Court in *Kalina v. Fletcher*. In this case a prosecutor was not immune from §1983 liability because she had acted as a complaining witness, in the same manner as Attorney Llabona.

20. Between the two attorneys overseeing this case and the attorney Defendant, they should know this Motion is frivolous for being untimely and for the inappropriate case law that is being cited to support it.

## III.   DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE (DE-22)

21. In the Motion for Leave (DE-19), the Defendants claimed "their Reply will be no more than five pages in length [and] contain no exhibits . . . ." Contradicting their own Motion for Leave, the Defendant's Reply (DE-22) has a total of 12 pages including an exhibit of seven pages (DE-22.1), which is a duplicate of the Defendants' Motion For Sanctions and its corresponding exhibit (DE-14, DE-14.1) excluding the certification of service and signature block.

22. Counsel for the Defendants had requested Leave to Reply to Plaintiff's Response because Counsel felt it was necessary to answer the

Plaintiff's "digressions and allegations of wrongdoing", (1) on the part of the Defendants, (2) and on the part of Counsel for the Defendants.

23.    In the Defendants' reply (DE-22), Counsel makes no rebuttals of any sort to "the Plaintiff's digressions and allegations of wrongdoing . . . ," committed by Counsel, even after requesting Leave from this Court to Reply for that purpose.

24.    Because the Defendants deceived this Court to file this Reply, it should be stricken for violating Fed.R.Civ.P. Rule 12(f) in that it is redundant, impertinent, and scandalous.

25.    The Defendants violated a number of rules in this reply that are enumerated In the Plaintiff's objection (DE-21) to the Defendants' Motion for Leave (DE-19). The Plaintiff listed four separate rule violations (¶¶2-7 of DE-21) that caused the Defendants' Motion for Leave to be defective. The Plaintiff reiterates these rule violations along with the two other reasons listed in ¶¶8-11 of DE-21.

## IV.    CONCLUSION

26.    According to local rule 3.01(g), the Plaintiff has requested the Defendants to withdraw their frivolous Pleadings in writing. This request was refused in writing by Defendant's Counsel, Phillip Harris, Esquire.

27.  It is the Plaintiff's belief that the Motions of the Defendants rise to the level of frivolous and scandalous and that they are being submitted to delay this litigation.  Because of that, the Plaintiff believes that sanctions should be imposed.  However, because of the inexperience of the Plaintiff in litigation, and because the Judge is in a much better position to decide if sanctions are needed and can impose them on his own motion, the Plaintiff waives any claim from the sanctions imposed if the Judge imposes them.

WHEREFORE, the Plaintiff, CLARK A. HULS, prays this Court Strike the Defendants' Pleadings, in whole or in part, entered at the Docket at 10, 14, and 22 per Fed.R.Civ.P. Rule 12(f).

I DECLARE under penalty of perjury that the foregoing is true and correct and I further certify that I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system on the 12th day of May 2010.

Clark A. Huls, *pro se*
2862 Pine Avenue
Mims, FL 32754
Telephone: (407) 466-9018
Facsimile: (813) 944-4942
E-mail address: clarkhuls@gmail.com

April 6th, 2010

Marjorie S. Hensel, Esquire

Marshall, Dennehey, Warner, Coleman, & Goggin
201 East Kennedy Boulevard,
Suite 1100
Tampa, FL 33602-5864

  re: Huls v. Llabona, Case No. 2010-CA-006319-O
     Letter from Marjorie Hensel, dated March 31st, 2010

Dear Ms. Hensel,

  Thank you for your letter of March 31st, 2010. I am respectfully declining your offer for me to withdraw my complaint, referenced above, with prejudice, against your client Lusan C. Llabona. There is a significant amount of case law that supports my position, and because of the importance of this case, it needs to be decided by a jury.

  I'm attaching my Request To Produce and my proposed Subpoena Duces Tecum for the records from my incarceration. After you file your Motion, either you or your staff can call me to set up a time for the hearing. If you object to these items, we can have the hearing on them at the same time.

  While the case law you cited is valid, it is inapposite to the present case in that no one was incarcerated based on the felonious acts of the participants in the cited cases. The case that is most similar is *Fletcher v. Kalina*, 93 F. 3d 653 - Court of Appeals, 9th Circuit (1996). Mr. Fletcher filed suit against Ms. Kalina, a King County, Washington prosecutor, in federal court for a 42 USC § 1983 claim. Because of Ms. Kalina's actions Mr. Fletcher spent one night in jail. In the lawsuit, Ms. Kalina claimed absolute immunity and filed a "motion for summary judgment, [which] the district court denied Kalina absolute immunity and held that qualified immunity was a question of fact to be determined at trial." Ms. Kalina appealed to the U.S. Supreme Court who agreed to hear the case. In a UNANIMOUS decision the U.S. Supreme Court affirmed the 9th Circuit Court of Appeals' decision and sent the case back to the district court to be heard. *Kalina v. Fletcher*, 522 US 118 (1997). King County, Washington, Ms. Kalina's employer, paid Mr. Fletcher $162,500 to settle the lawsuit before trial.

  Ms. Llabona did intentionally do what I have stated in my claim and at trial the evidence will show that. Currently, Ms. Llabona has made changes in the way she conducts business with her clients from the way my case was handled. Furthermore in her response to the Florida Bar, Ms. Llabona claimed her actions in my case were merely negligent. See *Rowell v. Holt*, 850 So. 2d 474 - Florida Supreme Court (2003).

Sincerely,

/s/

Clark Huls, pro se

Attachment: Request to Produce and proposed Subpoena Duces Tecum

Clark Huls
2862 Pine Avenue
Mims, FL 32754
T 407.466.9018
F 813-944-4942
llabonalawsuit@gmail.com
Page 1 of 1

Plaintiff's Exhibit # "1"

May 12", 2010