UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CLARK A. HULS, a natural person,

    Plaintiff,

Vs.                          Case No. – 6:10-cv-00538-31GJK

LUSAN C. LLABONA, ESQUIRE,
A natural person, and
LUSAN C. LLABONA, P.A.,
A professional service corporation, et al.,

    Defendants,
_____/

## **DEFENDANTS' RESPONSE TO THE PLAINTIFF'S MOTION TO STRIKE**

COME NOW, Defendants, LUSAN C. LLABONA, ESQUIRE, and LUSAN C. LLABONA, P.A., by and through the undersigned counsel, and file this Response to the Plaintiff's Motion to Strike (Doc. 23), and state as follows:

1. The Plainitff filed his Motion to Strike on May 12, 2010 and requested that the court strike Defendants' documents 10, 14, and 22.[1] Prior to the Plaintiff filing his Motion to Strike, the undersigned attorneys notified him that a motion to strike would be improper if directed at the motions, memorandum in support, and reply. *See* 2-12 Moore's Federal Practice - Civil § 12.37 (stating only material included in a "pleading" may be the subject of a motion to strike, and courts have been unwilling to construe the term broadly.  Motions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike).

2. Additionally, the undersigned explained to the Plaintiff that he was given ample opportunity to respond to Documents 10 and 14, as he did on April 28, 2010 in Document 17.

(See correspondence to Plaintiff dated May 12, 2010, attached hereto as Exhibit "A"). While it is generally held that pleadings and other papers drafted by a *pro se* party are interpreted under less stringent standards than those by an attorney, there is no excuse for the Plaintiff's blatant disregard and piecemeal reading of the Federal Rules of Civil Procedure. *Barr v. Gee*, 2010 U.S. Dist. LEXIS 40298, 2-3 (M.D. Fla. Apr. 23, 2010) (citing *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). Given the Plaintiff's history of pouring over the Federal Rules of Civil Procedures and this Court's local rules to attack the Defendants' filing on a myriad of procedural grounds, he must have read the condition of Rule 12(f) that specifically states a court may act "on motion made by a party **either before responding to the pleading** or, if a response is not allowed, within 21 days after being served with the pleading."

3.  In this particular case, the Plaintiff filed his Motion to Strike 14 days after he filed his response to Documents 10 and 14. (See Doc. 17). Even though courts generally relax the Rules for *pro se* plaintiffs, in this case, the Plaintiff proceeded knowing that his Motion to Strike was improper under the Rules. For this reason, the Defendants request that this Court deny the Plaintiff's Motion to Strike as it pertains to the Defendants Motions to Dismiss, Strike and for Rule 11 Sanctions. (Docs. 10 and 14).

4.  While many, if not all, of the allegations and statements in the Plaintiff's Motion to Strike do not dignify a response, in an effort to ensure clarity in the record, the undersigned will attempt to respond to each in turn.

**Plaintiff's Challenges to Defendants' Motions to Dismiss and Strike (Doc. 10)**

5.  The Plaintiff makes the accusation that under Rule 12(f) many of the Defendants' paragraphs in Document 10 should be stricken because "they make no defensive claim." This

---

[1] Document 10 is the Defendants' Motions to Dismiss and Strike the Plaintiff's Complaint; Document 14 is the Defendants' Rule 11 Motion for Sanctions; and Document 22 is the Defendants' Reply to the Plaintiff's Response to

2

observation is a clear misapplication of Rule 12(f).  It seems that the Plaintiff is proffering procedural attacks on the Defendants' Motions to Dismiss and Strike as if they were the Defendants' answer and affirmative defenses.  In other words, the Plaintiff is trying to fit a square peg into a round hole.  For this reason, the Plaintiff's request that this Court strike portions of the Defendants filings on the basis of Rules 10 and 12(f) be denied.  The undersigned is certainly not aware of any rule requiring a memorandum of law filed in support of a motion to have numbered paragraphs throughout.

6. In regard to Plaintiff's allegations in paragraph 7, the Defendants submit that Attorney Llabona's motion for contempt, filed as an exhibit to the Plaintiff's Complaint, speaks for itself.  Furthermore, the undersigned attorneys take exception to the Plaintiff's unsupported allegation that they are misleading or providing false information to this Court.  Simply because the parties' interpretation of the record before this Court and the Defendants' cited case law differs does not mean either is being deceitful or dishonest.  The Plainitff's repeated allegations of deceit and dishonesty is inappropriate and done for the limited purpse of muddy these true issues before this Court.

7. The Plaintiff's argument in paragraph 8 of his Motion to Strike regarding Judge Sprinkel's ruling "following" the hearing versus "at" the hearing, while strangely creative, is another attempt by the Plaintiff to cloud the legal issues before this Court.  In other words, the Plaintiff is throwing everything thing he can think of, well-reasoned or not, at the wall in an effort to see what sticks.  With that said, the Defendants simply cannot craft a reasoned response to this argument and deny their used of the work "following" was an sort of attempt to argue the Plaintiff's due process rights were not violated.

---

the Motions to Dismiss and Strike.

8. The Plaintiff's argument in paragraph 10 is another attempt by the Plaintiff to argue issues that are immaterial to motions pending before this Court. Specifically, the Plaintiff argues that he is not bringing this claim for the oral statements made by Ms. Llabona during the hearing. With that said, the Plaintiff's Amended Complaint is confusing on this issue. The Plaintiff Amended Complaint alleges the following: "Ms. Llabona reiterates this falsehood two additional times by **saying** Mr. Huls was in 'violation of that Order' and by **stating** this obligation for Mr. Huls . . ." (See Doc. #3, ¶ 14) (emphasis added). Additionally, it is reasonable to assume that Ms. Llabona made oral representations similar to those in her motion for contempt as the Plaintiff argues that Ms. Llabona "used" the motion during the hearing to win a judgment. (See Doc. #3, ¶ 17). For this reason, the Defendants request that this Court refuse to strike the Defendants' filings as this argument is immaterial to the legal issues addressed in the Defendants' Motion to Dismiss.

9. In paragraph 12 of the Motion to Strike, the Plaintiff correctly asserts that the once often-cited case of *Conley v. Gibson*, 355 U.S. 41 (1957) had been overturned on limited grounds in 2007 by *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007).[2] The Supreme Court's ruling in *Conley* still remains good law for the premise that the Rules require "'a short and plain statement of the claim showing that the pleader is entitled to relief,' so as to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Chuy v. Hilton Mgmt. LLC*, 2010 U.S. Dist. LEXIS 45680 (M.D. Fla. May 10, 2010) (citing *Conley v. Gibson*). While the undersigned inadvertently used an outdated citation, he requests that this Court rely on the Supreme Court's holding in *Bell Atlantic Corp. v. Twombly* as the most current standard when ruling on a 12(b)(6) motion to dismiss. The inclusion of the citation was unintentional.

4

10. The Defendants' take exception to the *pro se* Plaintiff's continued statement that his exhibits to the Amended Complaint are self-authenticating documents and therefore provide this Court with some sort of indicia of reliability. Self authentication, being governed under Federal Rule of Evidence 902, requires certified copies of documents, et cetera. There is nothing in this Court's records to indicate that any of the documents filed by the Plaintiff are self-authenticating.

11. The remaining challenges to the Defendants' Motions to Dismiss and Strike are based on the parties' differences in interpretation of the applicable case law. In essence, as the Plaintiff has already replied to both Motions, he is attempting to get two bites at the apple in furthering argument directed at the substance of the Defendants' Motions. For this reason, the Defendants request that this Court DENY the Plaintiff's Motion to Strike Defendants' Motions to Dismiss and Strike.

**Plaintiff's Challenges to Motion for Sanctions (Doc. 14)**

12. The Defendants reassert their argument that the Plaintiff had the opportunity to rebut the Defendants' Motion for Sanctions and did so by filing his Response. (Doc. #17). For this reason, the Court should disregard any further argument in Plaintiff's Motion to Strike, not offered in his initial Response.

13. The Plaintiff cites a case that originated out of the 9th Circuit, *Kalina v. Fletcher*, 118 S. Ct. 502 (1197), for the assertion that the Defendant's Motion for Sanctions should be stricken. Specifically, the Plaintiff argues that simply because he provided this citation to the Defendants, the filing of the Motion for Sanctions was frivolous. The *Kalina* decision has been well cited in a number of law review articles and subsequent cases. The Supreme Court's

---

[2] In order to keep the record clear, the Plaintiff included the incorrect citation for *Bell Atlantic Corp. v. Twombly*. Surely, the mistake was nothing more than a typographical error and not an attempt to mislead this Court and/or

5

decision in *Kalina* stands for the limited principle that **prosecutors** are not absolutely immune from §1983 suits when the conduct they are sued for relates to acting as a complaining witness rather than serving a prosecutorial function. *Id.* at 510. The *Kalina* case is inapplicable to the case before this Court as Ms. Llabona is a private attorney who was acting in the scope of her employment and on her client's behalf in filing motions to enforce a marital settlement agreement. Judge Sprinkel made the final determination that Mr. Huls failed to meet his obligations, not only as it relates to the medical insurance issues, but for numerous other issues, including thousands of dollars in back child-support. This amount of outstanding child-support was verified during the contempt hearing by the clerk of the court and had absolutely nothing to do with Ms. Llabona. To try to analogize the facts of the *Kalina* case with this case, is again like trying to fit a square peg in a round hole—it just does not fit. For this reason, the Defendants request the the Court DENY the Plaintiff's Motion to Strike the Defendants' Motion for Rule 11 Sanctions.

### Plaintiff's Challenges to Reply to Response (Doc. 22)

14.    The Plaintiff argues that the Defendants violated their own condition by attaching an exhibit to their Reply, making it exceed the self-imposed five (5) page limit. The Defendants requested this limit in an effort to limit the record as much as possible to assist the Court in deciding the Motion to Dismiss. The Defendants point out that, as promised, their Reply memorandum was only 5 pages in length. For the Court's convenience, the Defendants attached one exhibit, already in the record. With that said, exhibits attached in support of motions before this Court are generally not limited, as clearly evidenced when the Court allowed the Plaintiff to attach hundreds of pages of documents as exhibits to his Amended Complaint. For this reason,

---

make it more difficult for the Court or the undersigned to verify the citation.

6

the Defendants request that this Court disregard the Plaintiff's argument that their Reply should be stricken for attaching an exhibit.

15.　As noted above, the undersigned attorneys take special exception to each of Plaintiff's allegations that they are attempting to deceive this Court.  Such accusations are baseless, unprofessional, and made in bad faith.  For this reason alone, even though *pro se*, the Defendants respectfully request an order from this Court requiring the Plaintiff to conform to the professional candor and decorum required of every person before this Court.  The Plaintiff's different interpretation of the record and Defendants' cited case law should not grant him a free pass to allege deceit or dishonesty in nearly every paragraph of his future filings.  Accordingly, the Defendants requests that this Court DENY the Plaintiff's Motion to Strike the Defendants' Reply (Doc. 22).

WHEREFORE, the Defendants respectfully request that this Court DENY the Plaintiff's Motion to Strike Documents 10, 14, and 22, and for any and all relief this Court deems just and appropriate.  Additionally the Defendants request this Court issue and order requiring the Plaintiff to conform to the professional candor and decorum required of every person before this Court including refraining from alleging deceit and or dishonesty in bad faith.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of this document has been electronically filed with the Clerk of the Court using the CM/ECF e filing system on this 18TH day of May 2010, to **Clark A. Huls,** Pro Se Plaintiff, 2862 Pine Avenue, Mims, FL  32754.

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**
Attorneys for Defendants, Lusan C. Llabona, Esq. and Lusan C. Llabona, P.A.
201 East Kennedy Blvd., Suite 1100
Tampa, FL  33602
Phone: (813)472-7800

    Fax: (813)472-7811

    By: /s/ Phillip J. Harris
       **MARJORIE S. HENSEL, ESQ.**
       Florida Bar No. 771820
       **PHILLIP J. HARRIS, ESQ.**
       Florida Bar No. 0044107