**CLARK A. HULS,**

**Plaintiff,**

-vs-                                                    **Case No.  6:10-cv-538-Orl-31GJK**

**LUSAN C. LLABONA,**
**LUSAN C. LLABONA, P.A.**

**Defendants.**

---

# ORDER

Plaintiff, Clark A. Huls ("Huls"), has filed suit against his ex-wife's lawyer, Lusan C. Llabona ("Llabona"), and her firm, Lusan C. Llabona, P.A. (the "Llabona Firm"), for, *inter alia*, a violation of his federal civil rights pursuant to 42 U.S.C. § 1983.  The Defendants have filed a Motion to Dismiss (Doc. 10), to which the Plaintiff has responded (Doc. 17).  The Defendants sought (Doc. 19) and received (Doc. 20) leave to file a reply (Doc. 22) to the response.  The essence of the Plaintiff's claim is that Llabona, in the course of representing his ex-wife during a child support dispute, falsely stated that Huls had violated a previous child support order, resulting in his incarceration for contempt.

## I.    Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," so as to give the defendant fair notice of what the claim is and the grounds upon which it rests, *Conley v. Gibson*, 35 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), *overruled on other grounds*, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544,

127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A Rule 12(b)(6) motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. *Milbum v. United States*, 734 F.2d 762, 765 (11th Cir.1984). In ruling on a motion to dismiss, the Court must accept the factual allegations as true and construe the complaint in the light most favorable to the plaintiff. *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir.1988). The Court must also limit its consideration to the pleadings and any exhibits attached thereto. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).

The plaintiff must provide enough factual allegations to raise a right to relief above the speculative level, *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1966, and to indicate the presence of the required elements, *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1302 (11th Cir.2007). Conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal. *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

The United States Supreme Court recently addressed what factual allegations are necessary to survive a motion to dismiss. In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. . . . A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. at 1949 (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the plaintiff is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

In addition, it is well established that "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Nevertheless, it is not the Court's duty to rewrite a plaintiff's complaint so as to bring it into compliance with the Federal Rules of Civil Procedure. *See Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993); *see also Olsen v. Lane*, 832 F. Supp. 1525, 1527 (M.D. Fla. 1993) ("[P]ro se litigant[s] must still meet minimal pleading standards.").

## II.    Analysis

Under Florida law, "absolute immunity must be afforded to any act occurring during the course of a judicial proceeding . . . so long as the act has some relation to the proceeding." *Green Leaf Nursery v. E.I. DuPont De Nemours and Co.*, 341 F.3d 1292, 1302 n. 8 (11th Cir. 2003). The litigation privilege "extends not only to the parties in a proceeding but to . . . counsel as well." *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. United States Fire Ins. Co.*, 639 So. 2d 606, 608 (Fla. 1994).

Llabona raises numerous arguments in favor of dismissal. She contends that any statements she made during that proceeding were absolutely privileged. She notes that she was not acting under color of law as required to establish liability under Section 1983. And she argues that the allegations of the Amended Complaint (Doc. 3) otherwise fail to state a claim for relief.

Llabona is correct, and the Amended Complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6). Llabona's statements to the judge – that Huls had violated a previous child support order – obviously had some relation to the child support proceeding during which they were made. As such, they were absolutely privileged, and any claims Huls might make based on

those statements are barred as a matter of law.  Moreover, Llabona's other arguments in favor of dismissal are also correct, but the Amended Complaint is so patently frivolous that no further discussion is warranted.  Accordingly, it is

**ORDERED** that the Motion to Dismiss (Doc. 10) is **GRANTED**, and the Plaintiff's Amended Complaint is **DISMISSED**.  Because there are no set of facts that would support a viable federal claim, the Plaintiff's Section 1983 claim (Count II) is **DISMISSED WITH PREJUDICE**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on June 7, 2010.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party