FILED

# UNITED STATES DISTRICT COURT 6 PM 3: 16
### FOR THE
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

CLARK A. HULS,

        Plaintiff,

v.

LUSAN C. LLABONA,

LUSAN C. LLABONA, P.A.,

        Defendants.

Case No. 6:10-cv-00538-31GJK

---

## PLAINTIFF'S OPPOSED MOTION FOR RECONSIDERATION OF THIS COURT'S ORDER (DE-26) and OPPOSED MOTION FOR LEAVE TO AMEND COMPLAINT WITH ADDITIONAL DEFENDANT

COMES NOW, the Plaintiff, CLARK A. HULS, to respectfully request this Court to reconsider its Order (DE-26) issued on the 7th day of June 2010 granting the Defendants' Motion to Dismiss (DE-10). Conditional upon granting the Motion For Reconsideration, is the Plaintiff's request of this Court to grant leave to amend his complaint including adding a new defendant. In support thereof the Plaintiff respectfully states that the following is his belief:

1.    This Court has continuing Jurisdiction over the parties and subject matter in this proceeding.

2.    In this Court's Order, its recitation of the requirements of the legal standards required of this Court to dismiss a complaint is correct.

## THIS COURT'S CORE PREMISE

3.     This Court stated, in its Order (DE-26) that, "[Defendant Llabona] contends that any statements she made during that proceeding were absolutely privileged." This Court agreed with Defendant Llabona's contention and based its Order to Dismiss on this core premise.

4.     Because this Court took as true the Movants' contradictory statements, this Court applied precedent to the core premise that is alien to the case at hand.    Defendant Llabona, who is not a state-entity employee, was granted more immunity by this Court than the deputy-state prosecutor received in *Kalina v. Fletcher,*[1] which was decided by a unanimous Supreme Court. The main difference between *Kalina* and the present case is that deputy-prosecutor Kalina did not file false charges to obtain money that was not owed.

5.     This Court erred in that it did not "liberally construe[ ]" the Plaintiff's pleadings, which is the way this Court stated the Plaintiff's pleadings are required to be assessed.  Since the Plaintiff was denied credit for the actual statements in his pleadings, they could not have been liberally construed which would be error.

6.     This Court may have erred in not considering the Plaintiff's supporting exhibits (DE-15-1 through DE-15-8). Because the exhibits were tardily

---

[1] *Kalina v. Fletcher,* 522 U. S. 118 (1997)

removed from the Ninth Circuit court, this Court might have overlooked that they are incorporated by reference into the First Amended Complaint and as a result, a part of that pleading.   Because of the chaotic manner in which these exhibits were filed, the Plaintiff filed an Exhibit List (DE-16) for this Court's convenience.

## DEFENDANTS' FALSE ASSERTIONS OF THE PLAINTIFF'S CLAIMS

7.     The moving Defendants are the only party in this litigation who have stated that this litigation is about in-court behavior.   In two separate filings, (DE-17 ¶19 and DE-23 ¶10), the Plaintiff attempted to draw this Court's attention to the very prevarications that are now the foundation of its Order to Dismiss.

8.     In his Response (DE-17 ¶19) to the Defendants' Motion to Dismiss, the Plaintiff stated that, "Nowhere in the Plaintiff's complaint has he accused Attorney Llabona of any tortious acts as a result of what she SAID in court." (EMPHASIS IN THE ORIGINAL).   This statement of the Plaintiff is in direct conflict with this Court's core premise, which means this Court applied the movants' allegations above the nonmoving party.

9.     In his Motion to Strike (DE-23 ¶10), regarding the Defendants' false claims, the Plaintiff stated that;

In DE-10 ¶5, [t]he Defendants claim that the Plaintiff is suing Attorney Llabona for statements she made during child support hearings. The Plaintiff has never made a claim against Attorney

Llabona for any oral statements she SAID as explained more fully at DE-17¶19. It is unfortunate for this Court that the Defendants are advancing this claim because now this Court has to reexamine all the Plaintiff's pleadings to verify the untruthfulness of the Defendants' claim. (EMPHASIS IN THE ORIGINAL).

10.     Since this Court stated in its Order that for a motion to dismiss, it was obligated to take the non-movants claims as true, this Court committed reversible error by giving the Defendants' statements a preponderance of truth above the non-moving Plaintiff.

## "ABSOLUTE LITIGATION IMMUNITY"

11.     This Court cited one unique judicial opinion and the Defendants cited five legal opinions regarding "absolute litigation immunity".

12.     This Court erred in its assessment of Florida's "absolute litigation immunity", which is not all encompassing to all claims. If it had been "absolute", the Florida Supreme Court would have dismissed the malicious prosecution claims in these cases, in which they did not; *Alamo Rent-A-Car, Inc. v. Mancusi*, 632 So.2d 1352, 1358 (Fla. 1994); *Colonial Stores, Inc. v. Scarbrough*, 355 So.2d 1181, 1185-86 (Fla.1977); *Fridovich v. Fridovich*, 598 So.2d 65 (Fla. 1992); and *Acquadro v. Bergeron*, 851 So.2d 665, 677 (Fla. 2003).

13.     With its Order, this Court relinquished its jurisdiction for ruling on Constitutional and Federal law by deriving its Order from four opinions that were

from Florida courts.   The claims that were dismissed in these cited cases for "litigation immunity" were for tortious behavior, which is inapplicable to the intentional tort of malicious prosecution or the Federal civil rights claims in the case at hand resulting in error committed by this Court.[2]

14.     The remaining two cited opinions[3] are precedents that this Court is obliged to follow.  This Court introduced *Green Leaf Nursery* as precedent, which is quoted by the Defendants cited case, *Jackson*.   Both of these cases had Federal and pendent state claims and were sent to the 11th Circuit on appeal.

15.     In the *Green Leaf Nursery* and *Jackson* cases, (according to the Defendants' logic and this Court's Order), it would have been in accordance with judicial precedence for the 11th Circuit to have dismissed both state and Federal claims on the basis of Florida's absolute "litigation immunity".

16.     If Florida's litigation immunity had been the controlling law in these cases, for the sake of judicial economy, the 11th Circuit would have dismissed all

---

[2] Defendants cited these four cases from Florida courts regarding litigation immunity;

    (1) *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. United States Fire Insurance Co.*, 639 So.2d 606, 608 (Fla. 1994);

    (2) *Echevarria, et. al. v. Cole*, 950 So.2d 380, 384 (Fla. 2007);

    (3) *Fridovich v. Fridovich*, 598 So.2d 65 (Fla. 1992); and

    (4) *Ponzoli & Wassenberg, P.A. v. Zuckerman*,So.2d 309, 310 (Fla. 3rd DCA 1989).

[3] The two binding 11th Circuit opinions cited by this Court and the Defendants;

    (1) *Green Leaf Nursery v. E.I. DuPont De Nemours and Co.*, 341 F.3d 1292, 1302 n. 8 (11th Cir. 2003).

    (2) *Jackson v. Bellsouth Telecommunications*, 372 F. 3d 1250 - Court of Appeals, (11th Cir. 2004).

federal claims.   Since the 11th Circuit did not dismiss any federal claims from *Green Leaf Nursery* or *Jackson* for state law litigation immunity, it is error to cite them as prevailing legal authority for the dismissal of federal claims based on state law litigation immunity.

17.    This Court dismissed the Plaintiff's claim on the basis of six cited cases advocating Florida's litigation immunity, in spite of not one dismissal of a Constitutional violation being made on this basis.  This is reversible error.

18.    In the standard jury instructions issued in 2010 by the Florida Supreme Court, under section 406.5, MALICE;

> One acts maliciously in [instituting] [continuing] a [criminal] [civil] proceeding against another if he does so for the primary purpose of injuring the other, or recklessly and without regard for whether the proceeding is justified, or for any primary purpose except [to bring an offender to justice] [to establish what he considers to be a meritorious claim].  In determining whether (defendant) acted maliciously, you may consider all the circumstances at the time of the conduct complained of, including any lack of probable cause to [institute] [continue] the proceeding.

19.    The case law cited by the Plaintiff and these jury instructions show that there is no such thing as "absolute litigation immunity" in Florida for acts other than libel, slander, and the tort of fraud during litigation.

## ABSOLUTE OR QUALIFIED IMMUNITY

20.     If a Plaintiff asserts a violation of a constitutional right, as in this case, the party who asserts an absolute immunity defense claim, has to "bear the burden of showing that public policy requires an exemption of that scope."[4]   The Supreme Court also held that the determining factor regarding level of immunity a person has, is by "the nature of the function performed, not the identity of the actor who performed it."[5]     Because this Court granted this immunity without requiring the Defendants to "show[ ] that public policy requires an exemption of that scope",*id.*, this Court committed error.

21.     Defendant Llabona could not produce any case law demonstrating that she was entitled to absolute or qualified immunity other than Florida's generic "litigation immunity", which is only applicable to some torts.  She would also not be entitled to absolute or qualified individual immunity because that only applies to employees of an entity of the state or the state itself.

## DEFENDANTS' CLAIMS OF NOT BEING A STATE "ACTOR"

22.     In its analysis, this Court stated that, "[Defendant Llabona] notes that she was not acting under color of law as required to establish liability under

---

[4] *Butz v. Economou*, 438 U.S. 478 at 506 (1978).

[5] *Kalina v. Fletcher*, 522 US 118 AT 127 (1997).

Section 1983." This Court does not cite any case law nor elaborate any further as to its reasoning in agreeing with this statement. Because case law does not support Defendant Llabona's claim, the Plaintiff can only assume the reason that this Court is agreeing with Defendant Llabona is based on her claim of why she is immune under 42 U. S. C. § 1983 and the three cases she cited as support.

23.    Defendant Llabona stated that the reason she would not be acting under color of law is because she is not employed by any entity of the state. By that logic no corporation could ever be sued under §1983 since it could not be "employed" by the state.

24.    The first of the three cases cited by the Defendants,[6] is a case that was ruled on by the U. S. Supreme Court, which the Defendants cited by way of this Court as intermediary.   The Defendants pronounced that, "'The Supreme Court has defined "acting under color of law" as acting with power possessed by virtue of the defendant's employment with the state.'"

25.    The problem the Defendants using this case to promote "employment with the state" as the way to act under color of law, is that in this case, *West v. Atkins*, (487 U. S. 42 1988), the Supreme Court found a non-state employee liable under § 1983.

---

[6] *Woods v. Valentino*, 511 F. Supp. 2d 1263, 1272 (M.D. Fla. 2007) (citing *West v. Atkins*, 487 U.S. 42, 49, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988))

1.     The remaining two cases that the Defendants rely upon involve defense attorneys accused of acting under color of law.[7]   These two opinions were from other district courts and not binding on this Court and are not applicable to the case at hand.  The inmates in these two cases were suing their own defense attorneys for what in essence are "malpractice" claims.  Brown, who was suing Ferrer-Roo, was told that his claims are "not properly raised in a federal civil rights action, such claims must be raised in state court".  Rolle, who was also suing his defense attorney was told that, "a state prisoner cannot seek damages in a § 1983 suit when judgment in his favor would necessarily imply the invalidity of the conviction or sentence." (internal quotes omitted).

2.     After it had ruled against the plaintiff Rolle, as stated above, the Northern District of Florida Court stated in *dicta* that;

> Rolle's complaint against Lilia Dandelake, who represented Rolle in his probation revocation proceeding, fails because a defense attorney is not a state actor under section 1983. See *Polk Count[y] v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445; 453 (1981).

3.     In *Polk County v. Dodson*, the Supreme Court held that a public defender would be the only employee of a state that would not be considered a state actor for § 1983 liability strictly *based on her employment*.  The Supreme

---

[7] Defendants cited these two "malpractice" claims filed in Federal Courts;
  (1) *Brown v. Ferrer-Roo*, 2009 U.S. Dist. LEXIS 84276 (S.D. Fla. Sept. 15, 2009)
  (2) *Rolle v. Raysor*, 2007 U.S. Dist. LEXIS 67437 (N.D. Fla. Sept. 7, 2007)

Court did not preclude any public defender from ever being liable for a § 1983

claim when it stated that:

> In concluding that [the public defender in *Polk County*] did not act
> under color of state law in exercising her independent professional
> judgment in a criminal proceeding, we do not suggest that a public
> defender never acts in that role.

*Polk County v. Dodson*, 454 U. S. 312 at 325 (1981).

> We do not disturb [the] theory of cases, brought under 18 U. S. C. §
> 242, in which public defenders have been prosecuted for extorting
> payment from clients' friends or relatives "under color of . . .
> law . . . . " See, e.g., *United States, v. Senak*, 477 F. 2d 304 (CA7),
> cert. denied, 414 U. S. 856 (1973).

*Polk County v. Dodson*, 454 U. S. 312 at footnote #19 (1981).

    4.    For this Court to cite by reference, two irrelevant cases that it is not

bound by, and one case that supports the Plaintiff in his § 1983 claim, and then

rule against the Plaintiff, is reversible error.

## DEFENDANT LLABONA AND § 1983 LIABILITY

    5.    Contrary to Defendant Llabona's opinion that because she is not

employed by a state entity, she did not act under color of state law, the U. S.

Supreme Court stated that, "we have consistently held that a private party's joint

participation with state officials in the seizure of disputed property is sufficient to

characterize that party as a "state actor" for purposes of the Fourteenth

Amendment."[8]

---

[8] *Lugar v. Edmondson Oil Co.*, 457 U. S. 922 (1982)

6.     Defendant Llabona's claim, is opposite to the determination of the

U.S. Supreme Court when it held that,

> State action, as that phrase is understood for the purposes of the
> Fourteenth Amendment, refers to exertions of state power in all
> forms. And when the effect of that action is to deny rights subject
> to the protection of the Fourteenth Amendment, it is the obligation
> of THIS COURT TO ENFORCE THE CONSTITUTIONAL COMMANDS.

*Shelley v. Kraemer*, 334 U. S. 1 at 21 (1948). (EMPHASIS ADDED).

7.     There are a number of cases[9] in which the U.S. Supreme Court has

held that private "persons" although not employed by a state entity, are liable for

the deprivation of civil rights under 42 U. S. C. § 1983. Indeed when it comes to

Constitutional violations there only needs to be some sort of color of law. It could

be an administrative custom or rule as the U.S. Supreme Court found in *Moose*

*Lodge No. 107 v. Irvis*, (407 U. S. 163 at 179, 1972), (reversed for other reasons),

when it said that, "State action, for purposes of the Equal Protection Clause, may

emanate from rulings of administrative and regulatory agencies as well as from

legislative or judicial action."

---

[9] The cases where a private individual is suing a private individual for acting under "color of law";

(1) *Adickes v. S.H. Kress & Co.*, 398 U. S. 144 (1970), A school teacher sued a department store;

(2) *West v. Atkins*, 487 U. S. 42 (1988), A convict sued a physician who was not a state employee, but contracted care to state prisoners;

(3) *Lugar v. Edmondson Oil Co.*, 457 U. S. 922 (1982), A truck-stop operator sued his oil company supplier;

(4) *Fuentes v. Shevin*, 407 U. S. 67 (1972), A customer sued both a private creditor and the Florida State Attorney General;

(5) *Lynch v. Household Finance Corp.*, 405 U. S. 538 (1972), A customer sued her finance company; and

(6) *Wyatt v. Cole*, 504 U. S. 158 (1992), A former businessman sued his former business partner and his former partner's attorney.

## "LLABONA'S OTHER ARGUMENTS"

8.      Defendant Llabona alluded to it being more than four years between her representation of the Plaintiff's former wife and the filing of this lawsuit.  Under the doctrine of *Heck v. Humphrey*,[10]  *Edwards v. Balisok*,[11]  and the tort of malicious prosecution/false imprisonment as applicable to a § 1983 claim, the Plaintiff did not have a fully cognizable claim until the remaining 153 days of his jail sentence was overturned, which was on the 4th of March 2010.

9.      The Plaintiff finds it is impossible to accurately and completely respond to this Court's conclusory statement that, "Moreover, Llabona's other arguments in favor of dismissal are also correct, but the Amended Complaint is so patently frivolous that no further discussion is warranted."    Although the Plaintiff guessed at a portion of this Court's reasoning, for the Plaintiff to respond to "Llabona's other arguments" without being provided further detail would be pure speculation.

---

[10] 512 U.S. 477, 486-87, (1994)

[11] 520 U.S. 641, 646-49 (1997)

## AMENDED COMPLAINT WITH ADDITIONAL PARTY

1.      This Court also erred by not allowing the Plaintiff to amend his
complaint to correct deficiencies, even after the Plaintiff made this request in his
Response. Regarding this the 11th Circuit Court of Appeals stated that;

> [A] district court's discretion to dismiss a complaint without leave to
> amend is "severely restricted" by Fed.R.Civ.P. 15(a), which directs
> that leave to amend "shall be freely given when justice so requires."
> Thomas v. Town of Davie, 847 F. 2d 771, (11th Cir. 1988).

2.      Pursuant to the Middle District Court's Administrative Procedures
For Electronic Filing In Civil And Criminal Cases, Rule II. A. 7., the Plaintiff has
attached, as exhibit "1", the proposed Second Amended Complaint. Conditioned
upon this Court reversing the Order for dismissal, the Plaintiff wishes to file the
Second Amended Complaint with an additional Defendant.

3.      Over the two months since the filing of the First Amended
Complaint, the Plaintiff has discovered that some of the claims in this complaint
were deficient and wants to remove or correct those items in an amended
complaint. The Plaintiff has also realized that the procedures he was tried under
were Constitutionally deficient and that he was denied numerous civil rights.
Because of this, the Plaintiff has added a new party to the Complaint.

**WHEREFORE**, the Plaintiff, CLARK A. HULS, prays this Court will vacate its Order (DE-26) on the Defendants' Motion to Dismiss (DE-10).  The Plaintiff further requests this Court grant the Plaintiff leave to file the attached Second Amended Complaint and grant any other relief as it sees fit.

## FLORIDA MIDDLE DISTRICT COURT'S RULE 3.01(G) COMPLIANCE

In compliance with Florida Middle District Court's Rule 3.01(g), I certify that I have conferred by e-mail with the Defendants' counsel and that Defendants' counsel is opposed to these two motions.

I DECLARE under penalty of perjury that the foregoing is true and correct and I further certify that I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system on the 16th day of June 2010.

Clark A. Huls, *pro se*
2862 Pine Avenue
Mims, FL 32754
Telephone: (407) 466-9018
Facsimile: (813) 944-4942
E-mail address: clarkhuls@gmail.com