UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CLARK A. HULS, a natural person,

    Plaintiff,

Vs.                          Case No. – 6:10-cv-00538-31GJK

LUSAN C. LLABONA, ESQUIRE,
A natural person, and
LUSAN C. LLABONA, P.A.,
A professional service corporation, et al.,

    Defendants,
_____/

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION AND MOTION FOR LEAVE TO AMEND**

    COME NOW, Defendants, LUSAN C. LLABONA, ESQUIRE and LUSAN C. LLABONA, P.A., and file this Memorandum in Opposition to Plaintiff's Motion for Reconsideration of the Court's June 7, 2010 Order granting Defendants' Motion to Dismiss (Doc. 10) and dismissing Plaintiff's Amended Complaint. In addition, this Memorandum will argue in opposition to Plaintiff's Motion for Leave to Amend his Amended Complaint.

**MEMORANDUM OF LAW**

    **I.    INTRODUCTION**

    On June 7, 2010, after consideration of Defendants' Motion to Dismiss (Doc. 10), the Court dismissed Plaintiff, Clark A. Huls', Amended Complaint in its entirety. (Doc. 26). Additionally, the Court dismissed Plaintiff's Section 1983 claim with prejudice. Now, in a frivolous motion, Plaintiff seeks reconsideration of the Court's Order, despite the absence of any patent error, new evidence, change in the law, or injustice. In the alternative, Plaintiff seeks leave to amend his complaint a second time. Plaintiff's proposed second amended complaint,

reveals that Plaintiff wishes to add Judge Belvin Perry, Jr. as a defendant. Additionally, Plaintiffs now seeks $3,000,000 in punitive damages. The proposed second amended complaint poses a litany of problems, but most importantly, it fails to state a claim for relief because it continues to rely on theories that the Court has explicitly rejected. Additionally, contrary to Plaintiff's argument, Judge Perry, Jr. is immune from this suit and naming him is simply improper. For the foregoing reasons, and as set forth below, Plaintiff's Motion for Reconsideration and Motion for Leave to Amend should be denied.

## II.     STANDARD OF REVIEW

The decision to grant a motion for reconsideration under Federal Rule of Civil Procedure 59(e) is committed to the sound discretion of the Court and will not be overturned on appeal absent an abuse of discretion. *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993). The purpose of a motion for reconsideration is to correct manifest errors of law, to present newly discovered evidence, or to prevent manifest injustice. *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). In order to reconsider a judgment, there must be a reason why the Court should reconsider its prior decision, and the moving party must set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision. *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). Thus, a motion for reconsideration should not be used "to relitigate old matters, [and] raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). Furthermore, a motion for reconsideration should not be used to simply argue with the district court's application of law. *Milner v. California*, 846 F.2d 1383, 1988 WL 46683,

at *3 (9th Cir. May 6, 1988) (unpublished table decision). In sum, reconsideration of a previous order is an extraordinary remedy to be employed sparingly. *Sussman,*, 153 F.R.D. at 694.

### III. ARGUMENT

#### A. Motion for Reconsideration

Plaintiff's Motion for Reconsideration is filled with frivolous arguments that do not have any bearing on the legal merits of this lawsuit. Plaintiff's continued misunderstanding of the law, and more importantly its application to the facts of this case, have created a seemingly never-ending headache for Defendants. As most of his arguments for reconsideration do not justify a response, Defendants will undertake the painstaking task of responding to Plaintiff's main arguments. Defendants' failure to address Plaintiff's remaining arguments is in no way meant to imply Defendants' agreement.

Plaintiff argues that the Court erred in dismissing the Amended Complaint because it failed to take all of Plaintiff's numerous allegations "as true." (Doc. 27, ¶ 10). As noted in Defendants' Motion to Dismiss, it is well-established that only those allegations that are "well pleaded" need be taken as true by the Court upon ruling on a motion to dismiss. *Showers v. City Bartow*, 978 F. Supp. 1464, 1466 (M.D. Fla. 1997) (citing *Gonzalez v. McNary*, 980 F.2d 1418, 1419 (11th Cir. 1993)). A court need not accept conclusory allegations or legal conclusions masquerading as factual allegations. *Fernandez-Montez v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir. 1993). Even assuming for the sake of argument that Plaintiff's allegations were all true, Attorney Llabona is still entitled to absolute immunity for "any act" during the course of a judicial proceeding as long as the act is somehow related to the litigation. *Green Leaf Nursery v. E.I. DuPont De Nemours and Co.*, 341 F.3d 1292, 1302 n. 8 (11th Cir. 2003).

Plaintiff argues that the Court's dismissal of the case was improper because Attorney Llabona never actually "said" anything in open court. (Doc. 27, ¶¶ 7-8). Stated differently, Plaintiff argues that *Green Leaf Nursery* does not apply because it deals only with "in-court" behavior." (Doc. 27, ¶ 7). Plaintiff is wrong. The holding in *Green Leaf Nursery*, specifically states that absolute immunity must extend to "**any act** occurring during the course of judicial proceedings." It does not matter whether the act was undertaken during an actual in-court hearing, or while the attorney was in his or her office drafting a pleading – as long as it was related to the proceeding. There is no merit to Plaintiff's argument that the Court misapplied *Green Leaf Nursery* and/or *Levin, Middlebooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. United States Fire Ins. Co.*, 639 So. 2d 606, 608 (Fla. 1994). The Court was correct in granting Defendants' Motion to Dismiss as well as dismissing Plaintiff's Amended Complaint in its entirety. For this reason, Plaintiff's request for reconsideration should be denied.

**B.   Motion for Leave to Amend**

Plaintiff argues that the Court failed to allow him the opportunity to amend his once amended complaint. (Doc. 27, pg. 14, ¶ 1). A quick reading of the docket will show that Plaintiff never formally filed a motion for leave to amend prior to dismissal of this case. Surely, he cannot expect that a statement tucked in a paragraph of one of his numerous filings would require this Court to automatically confer upon him the ability to amend as he pleases. The local rules require the filing of a motion with an attached memorandum of law when a party seeks an order on a particular issue. (See local rule 3.01(a)). In this case, Plaintiff never filed such motion prior to dismissal.

A quick review of Plaintiff's proposed amended complaint reveals that he wishes to continued the frivolousness of this lawsuit. In addition to Ms. Llabona, Plaintiff now wishes to

4

sue Judge Perry Jr. in his supervisory capacity over the rules and policies of the Ninth Judicial Circuit in and for Orange and Osceola counties. It is well-established that a judge is absolutely immune from liability for his judicial acts. *Kalmanson v. Lockett*, 848 So. 2d 374, 378 (Fla. Dist. Ct. App. 5th Dist. 2003). Paragraph 27 of Plaintiff's proposed amended complaint clearly indicates that the proposed claim against Judge Perry is related to actions he undertook, or failed to undertake, as a supervising judge. Plaintiff's claim should be barred and the Court should deny Plaintiff's request for leave to amend.

### C.     Request for Attorney's Fees and Sanctions

In March 2010, Defendants urged Plaintiff to take a look at the case law against him and withdraw his complaint. (See Exhibit 1 to Defendants' Motion for Sanctions, Doc. 19). Plaintiff refused to do so and moved forward with his frivolous lawsuit. In dismissing Plaintiff's Amended Complaint, the Court cited the exact two cases Defendants' provided to Plaintiff in March 2010 – *Levin, Middlebooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. United States Fire Ins. Co.* and *Green Leaf Nursery v. E.I. DuPont De Nemours and Co.*

The purpose of Rule 11 sanctions is to "reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers." *Kaplan v. DaimlerChrysler, A.G.,* 331 F.3d 1251, 1255 (11th Cir. 2003) (*quoting Massengale v. Ray,* 267 F.3d 1298, 1302 (11th Cir. 2001)). *See also Didie v. Howes,* 988 F.2d 1097, 1104 (11th Cir. 1993) ("Rule 11 sanctions are designed to 'discourage dilatory or abusive tactics and help to streamline the litigation process by lessening frivolous claims or defenses . . . They 'may be imposed for the purpose of deterrence, compensation and punishment.") Where the court finds a violation of Rule 11 the court "shall" or *must* impose sanctions. *See Didie* , 988 F.2d at 1104 (*citing Collins v. Walden,* 834 F.2d 961,

964, n.2 (11th Cir. 1987) (stating that the district court was compelled to impose sanctions for a complaint that was factually groundless and patently frivolous).

Rule 11 sanctions are warranted in three scenarios: (1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or, (3) when the party files a pleading in bad faith for an improper purpose. *See Didie,* 988 F.2d at 1104 (*citations omitted*); *Kaplan,* 331 F.3d at 1255.

*Pro se* or not, there is simply no excuse for Plaintiff to have proceeded with this lawsuit in the face of clear and unequivocal case law. The Court has already confirmed that Plaintiff's Amended Complaint "is so patently frivolous" that it does not even warrant discussion. (Doc. 26, page 4). In the aftermath of the Court's dismissal, the reality remains that defense of this matter has cost thousands of dollars in attorney's fees and costs – not to mention aggravation and embarrassment.[1] Plaintiff's absurd new request for $3,000,000 in damages shows that this case is about him making money, regardless of the damage he causes others in the process. Enough is enough and Defendants request the Court Sanction Plaintiff by requiring him to reimburse Defendants for all their attorney's fees spent in defending this frivolous claim.[2]

WHEREFORE, Defendants request that his Court deny Plaintiff's Motion for Reconsideration as Plaintiff has failed to provide evidence of changes in the law, new evidence, or reasonably establish any error or manifest injustice. In addition, Defendants request that this

---

[1] Plaintiff also filed a complaint with the Florida Bar against Attorney Llabona regarding the same issues he raises in this case. The Florida Bar investigated the issue and dismissed Plaintiff's complaints.

[2] Plaintiff has previously argued that he is not subject to sanctions under Rule 11 because he initially signed and filed his complaint in state court. Plaintiff is wrong. In cases where a plaintiff's state court complaint is later removed, Rule 11 sanctions can be imposed if the plaintiff files an amended complaint that violated *Rule 11*, or signed and filed any paper opposing the dismissal of his frivolous complaint. *Bisciglia v. Kenosha Unified School District No.1*, 45 F.3d 223, 227 (7th Cir. 1995) (citing *Schoenberger v. Oselka,* 909 F.2d 1086 (7th Cir. 1990)). It is undisputed that Plaintiff has filed numerous motions in opposition to dismissal of this case, the Motion for

Court consider its Motion for Rule 11 Sanctions, previously filed with the Court, and sanction the Plaintiff by requiring reimbursement of Defendants' attorneys fees and costs.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of this document has been electronically filed with the Clerk of the Court using the CM/ECF e filing system on this 24th day of June 2010, to **Clark A. Huls,** Pro Se Plaintiff, 2862 Pine Avenue, Mims, FL  32754.

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**
Attorneys for Defendants, Lusan C. Llabona, Esq. and Lusan C. Llabona, P.A.
201 East Kennedy Blvd., Suite 1100
Tampa, FL  33602
Phone: (813)472-7800
Fax:    (813)472-7811

By: /s/ Phillip J. Harris
**MARJORIE S. HENSEL, ESQ.**
Florida Bar No. 771820
**PHILLIP J. HARRIS, ESQ.**
Florida Bar No. 0044107

---

Reconsideration included.  For this reason, Rule 11 applies to Plaintiff and the Court has full power to sanction as it sees fit.